UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL A. CRISCIONE, | CASE NO.: 3:16-cv-01649-RNC |
| Plaintiff, | |
| v. | |
| ATLANTIC MOTORS LLC and CREDIT ACCEPTANCE CORPORATION, | |
| Defendants. | DECEMBER 16, 2016 |

## JOINT RULE 26(f) REPORT OF PARTIES' PLANNING CONFERENCE

Date Complaint Filed:           Complaint was filed October 3, 2016.

Date Complaint Served:          Atlantic Motors LLC ("Atlantic Motors") was served on October 8, 2016 and Credit Acceptance Corporation ("Credit Acceptance") was served on October 6, 2016.

Dates of Defendants' Appearances:    Attorney Leonard M. Crone appeared on behalf of Atlantic Motors on November 17, 2016.

Attorney Heather L. McCoy appeared on behalf of Credit Acceptance on October 27, 2016.

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16, a conference was commenced on November 22, 2016 when Plaintiff's counsel furnished a draft of this report to counsel for Credit Acceptance and Atlantic Motors and continued thereafter. The participants were Daniel S. Blinn, Heather L. McCoy, Matthew D. Sobolewski (*pro hac admission anticipated*), and Leonard M. Crone.

**I.      CERTIFICATION**

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and possibility for achieving a prompt settlement or other resolution of the case.  In consultation with their respective clients, counsel have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     JURISDICTION**

   A.      <u>Subject Matter Jurisdiction</u>

Jurisdiction is asserted by Plaintiff under 15 U.S.C. § 1640(e).  Plaintiff further asserts that supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

   B.      <u>Personal Jurisdiction</u>

Personal jurisdiction is not contested.  This Court has jurisdiction over Atlantic Motors and Credit Acceptance because Atlantic Motors is organized under the laws of the State of Connecticut, and Atlantic Motors and Credit Acceptance regularly conduct business in Connecticut.  Notwithstanding anything to the contrary, Credit Acceptance reserves its right to demand arbitration of Plaintiff's claims and any potential counterclaims pursuant to the arbitration clause contained in the Contract.

**III.    BRIEF DESCRIPTION OF CASE**

   A.      <u>Claims of Plaintiff</u>

Plaintiff alleges violations of the Truth in Lending Act, the Connecticut Retail Installment Sales Finance Act, and the Connecticut Unfair Trade Practices Act, as well

as claims for civil forgery, in connection with his purchase of a 2006 Ford F-250 pick-up truck from Atlantic Motors.  He alleges that Atlantic Motors failed to sell the vehicle at the agreed upon price; it failed to include the trade-in allowance on the Contract but rather listed a cash down payment of $3,000 that Plaintiff had not made; it failed to credit him with a $400 cash payment he made; it affixed his electronic signature and initials on the Contract without his knowledge or consent; it added a discount fee to the cash price; and it failed to provide him with a copy of the purchase order.

The Plaintiff claims actual damages, TILA statutory damages of $2,000, double damages pursuant to Conn. Gen. Stat. § 52-565, punitive damages, reasonable attorney's fees, and costs.  Plaintiff also claims he is entitled to an order that Credit Acceptance and Atlantic Motors are barred from recovering any finance, delinquency, or collection charge on the Contract pursuant to Conn. Gen. Stat. § 36a-786, and an order permitting him to make the back payments under the Contract without interest.

B.      Defenses and Claims of Atlantic Motors

Atlantic Motors denies any and all claims, including those for any and all damages, made by the Plaintiff.

C.      Defenses and Claims of Credit Acceptance

By agreement of the parties, Credit Acceptance has not yet answered, moved, or otherwise responded to Plaintiff's Complaint.  Subject to its response at the appropriate time, Credit Acceptance denies Plaintiff's claims in their entirety and reserves its right to demand arbitration of Plaintiff's claims and any potential counterclaims pursuant to the arbitration clause contained in the Contract.

D.  Defenses and Claims of Third-Party Defendants

Not applicable.

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel for the parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state the following material facts are not in dispute:

1. In or about March 2016, Plaintiff purchased a 2006 Ford F250SD pick-up truck (the "Vehicle") from Atlantic Motors.

2. The Retail Installment Contract ("Contract") listed a cash sale price of $20,350.

3. The Contract listed a cash down payment of $3,000.

4. Atlantic Motors submitted the Plaintiff's credit application electronically.

5. Credit Acceptance is the current holder of the Contract.

## V. CASE MANAGEMENT PLAN

A.  Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on scheduling in civil cases as described herein.

B.  Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. <u>Early Settlement Conference</u>

1. The parties certify that they have considered the desirability of attempting to resolve the case before undertaking significant discovery or motion practice.

2. Plaintiff and Atlantic Motors request an early settlement conference be scheduled with a United States Magistrate Judge. Subject to its right to demand arbitration of Plaintiff's claims and any potential counterclaims pursuant to the arbitration clause contained in the Contract, Credit Acceptance does not oppose this request.

3. The parties do not request a referral for alternative dispute resolution pursuant to L. Civ. R. 16.

D. <u>Joinder of Parties and Amendment of Pleadings</u>

1. Plaintiff should be allowed until January 31, 2017 to file motions to join additional parties and to file motions to amend the pleadings.

2. Defendants should be allowed until January 31, 2017 to file motions to join additional parties and amend the pleadings.

E. <u>Discovery</u>

1. The parties anticipate that discovery will be needed on the following subjects: a) the allegations of the Complaint; b) Atlantic Motor's advertisements of the Vehicle; c) the sale price of the Vehicle; d) the annual percentage rate charged to Plaintiff; e) the payment of a cash down payment; f) payment of registration or trade-in vehicle title fees; g) the trade-in vehicle and allowance; h) the completion, signature and submission of Plaintiff's credit application and contract documents; i) Plaintiff's purchase of the Vehicle and the negotiation of contract terms and price; j) discount and/or other

fees assessed by Credit Acceptance, if any; k) Plaintiff's claimed damages; and l) any and all counterclaims asserted or defenses raised by Defendants. The parties reserve the right to conduct discovery on additional subjects as may become necessary during the course of this litigation.

2. All discovery including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced within thirty (30) days from the filing of this report and completed not propounded by June 30, 2017.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by June 30, 2017.

5. The parties anticipate that Plaintiff will require a total of up to four depositions of fact witnesses and Defendants will require a total of four depositions of fact witnesses. The depositions will be completed by June 30, 2017.

6. The parties will seek permission of the Court if it becomes necessary to serve more than 25 interrogatories.

7. The parties may call expert witnesses at trial. Any trial experts will be disclosed and reports provided to other parties pursuant to Fed. R. Civ. P. 26(a)(2) by March 1, 2017. Depositions of any such experts will be completed by April 21, 2017.

8. Any rebuttal experts will be disclosed and reports provided to other parties pursuant to Fed. R. Civ. P. 26(a)(2) by May 12, 2017. Depositions of any such experts will be completed by June 30, 2017.

9. A damage analysis will be provided by any party who has a claim or counterclaim for damages by March 1, 2017.

10. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval, and production of such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: No party will delete any electronically stored information relevant to this action.

11. Undersigned counsel have also discussed discovery procedures that minimize the risk of waiver of privilege or work-production protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: Each party will use best efforts to identify privileged or work-production documents and will assert claims of privilege before production with a reservation of right to assert the claim post-production for good cause shown. Upon a post-production claim of privilege, the parties and their counsel agree that they will not make further copies, electronic or otherwise, of the documents or show them to parties that have not already received them until such claim of privilege is resolved.

F.    Dispositive Motion

Any dispositive motions will be filed on or before August 31, 2017.

G.    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by October 30, 2017 or within sixty (60) days of the ruling on any dispositive motions, whichever is later.

7

## VI. TRIAL READINESS

The case will be ready for trial by December 1, 2017 or thirty (30) days from submission of the Joint Trial Memorandum, whichever is later.

Counsel for the parties agree to accept electronic service of all non-efileable documents at the email addresses listed below.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, MICHAEL A. CRISCIONE

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457

DEFENDANT, ATLANTIC MOTORS LLC

By: /s/ *Leonard M. Crone*
    Leonard M. Crone (CT05043)
    27 State Street
    Waterbury, CT 06702-1687
    Tel. (203) 757-7969
    attycrone@sbcglobal.net

DEFENDANT, CREDIT ACCEPTANCE CORPORATION

By: /s/ *Heather L. McCoy*
  Heather L. McCoy (ct431397)
  Seiger Gfeller Laurie LLP
  977 Farmington Avenue, Suite 200
  West Hartford, CT 06107
  Tel. (860) 760-8400
  Fax (860) 860-8401
  hmccoy@sgllawgroup.com

  Matthew D. Sobolewski
  McLaughlin & Stern, LLP
  260 Madison Avenue
  New York, New York 10016
  Tel.  (212) 448-1100
  Fax  (212) 448-0066
  msobolewski@mclaughlinstern.com
  (*Pro Hac Vice Admission Anticipated*)

## **CERTIFICATION**

I hereby certify that on this 16th day of December, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

  /s/ *Daniel S. Blinn*
  Daniel S. Blinn