UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL A. CRISCIONE )<br>    Plaintiff )<br>)<br>v. )<br>)<br>ATLANTIC MOTORS LLC and )<br>CREDIT ACCEPTANCE CORPORATION )<br>    Defendant )<br>_____ ) | CIVIL ACTION NO.<br>3:16-CV-1649-RNC<br><br><br><br><br><br>MAY 31, 2017 |

**PLAINTIFF'S MOTION FOR ORDER OF COMPLIANCE**
**WITH SUBPOENA**

Pursuant to Fed R. Civ. P. 45(d)(2)(B)(i), Plaintiff Michael A. Criscione ("Plaintiff") moves to compel responses to a February 27, 2017 subpoena served upon non-party Cargurus, Inc ("Cargurus").

I. **BACKGROUND**

On February 27, 2017, Plaintiff duly served a subpoena upon Cargurus, Inc. seeking "All records, including electronic records, of all advertising, including Internet advertising, for Atlantic Motors LLC for a 2006 Ford F-250 VIN #1FTSW21P46EA51740 for the period March 1, 2016 to April 15, 2016, including a copy of the advertisement and all submissions by Atlantic Motors for the advertisement."

Counsel for Cargurus sought a two week extension to comply with the subpoena and at the conclusion of the extension served a letter on March 30, 2017 outlining objections upon the undersigned and produced no documents. A true and correct copy of this letter is attached as Exhibit 1. Undersigned counsel and paralegal Lori Miner spoke with Cargurus' counsel Charles Solomont regarding the objections and sought to

resolve the objections without filing a motion for order of compliance throughout early April 2017.

    Cargurus took the position that since it did not do any "advertising" for Defendant Atlantic Motors, there were no responsive documents. Plaintiff's counsel disputed this tortured and absurdly narrow definition of "advertising". There was no contention between Plaintiff and Cargurus that Cargurus aggregated advertisements from dealership websites of vehicles for sale, such as Defendant Atlantic Motors, LLC ("Atlantic"), and displayed them on their website. Users of cargurus.com see these aggregated listings of vehicles for sale and are able to contact the sellers via the listings. Whether or not that qualifies as an "advertisement" or not is immaterial, because Plaintiff's attorneys and counsel for Cargurus understood through their telephonic negotiations that the information sought were the listings for the above-referenced vehicle during the delineated time period. Plaintiff's counsel described the document they obtained in an identical subpoena issued to Cars.com, LLC and counsel for Cargurus understood what the analogous information held by Cargurus was.

    At the behest of counsel for Cargurus, Plaintiff's counsel provided consent from Defendant Atlantic regarding the production of the subpoenaed documents to Plaintiff provided that Atlantic was provided copies of all documents. Plaintiff's counsel also provided, at the request of Cargurus, copies of the operative interrogatory response from Atlantic that indicated the subject vehicle was advertised on cargurus.com.

    As of the date of filing this motion, Cargurus has not complied with the subpoena and has not filed a motion to quash, as such Plaintiff seeks an order of compliance from this court.

## II.   LEGAL STANDARD

"Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty … to 'produce designated documents.'" (Internal citations omitted.) *Sberbank of Russia v. Traisman*, No. 3:14CV216 (WWE), 2016 WL 4479533, at *1. "Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b). [T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules…[P]arties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation." (Internal quotations marks and citations omitted.) *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 3:07CV929 (WWE), 2013 WL 6511934, at *1.

## III.   ARGUMENT

Among the other allegations in Plaintiff's complaint is that Defendant Atlantic's sale of the subject vehicle for above the advertised priced in violation of the Connecticut Unfair Trade Practices Act. Complaint, ¶¶ 8, 22, 51, 53; Conn. Agency Reg. § 42-100b-28(b)(1). Plaintiff propounded interrogatories upon Defendant Atlantic seeking advertisements for the vehicle and Atlantic responded that it advertised the vehicle on several websites, including cargurus.com, but did not retain the advertisements. Plaintiff then subpoenaed Cargurus and others in order to obtain the advertisements and see what the advertised price of the vehicle in the marketplace was.

The information sought by Plaintiff is limited and discreet in that it only seeks the advertisement/listing for a single vehicle during a finite period of time. This information is

3

relevant in that the sale price of vehicle versus the advertised price and agreed upon price is one of the central allegations of the complaint.

Cargurus' objections are generally that the subpoena was overbroad, unduly - burdensome; vague and ambiguous; and seeks proprietary or confidential information. These objections are without merit given the requisite liberal discovery standard of Rule 26(b)(1).

These documents sought by Plaintiff would not create an undue burden upon Cargurus. Judged by the single Microsoft Excel Spreadsheet produced by Cars.com, LLC, which was precisely the information that Plaintiff seeks, it strains credulity that an argument could be made that this subpoena could constitute a burden. Nor can an argument be made that the request is vague, because it refers to only a single vehicle, offered for sale by a specific dealership for a finite period. Finally, the argument that the information sought is proprietary is unavailing, because the listing was posted publicly and, according to Cargurus, was aggregated from a public website.[1]

---

[1] However, if the listing the subject vehicle contains other data other than the aggregating of publicly available information from Atlantic's website, Plaintiff does not limit the subpoenaed documents thereto. Plaintiff, as stated in the subpoena, seeks "*all* submissions by Atlantic Motors for the advertisement" (Emphasis added).

## IV. CONCLUSION

For the forgoing reasons, the court should grant Plaintiff's motion and order compliance with the operative subpoena to Cargurus.

        Plaintiff, Michael A. Criscione

        By: /s/ *Brendan Mahoney*
            Brendan Mahoney (ct29839)
            Consumer Law Group, LLC
            35 Cold Spring Road, Suite 512
            Rocky Hill, CT  06067
            Tel: (860) 571-0408
            Fax: (860) 571-7457
            bmahoney@consumerlawgroup.com

## CERTIFICATION

I hereby certify that on this 31st day of May 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. Non-party, Cargurus, Inc., will be sent a copy electronically and via first class mail to their counsel.

Charles Solomont, Esq.
Morgan Lews
One Federal Street
Boston, MA 02110-1726
carl.solomont@morganlews.com

Heather L. McCoy, Esq.
Seiger Gfeller Laurie LLP
977 Farmington Avenue, Suite 200
West Hartford, CT 06107
hmccoy@sgllawgroup.com


Matthew D. Sobolewski, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, New York 10016
msobolewski@mclaughlinstern.com

Leonard M. Crone, Esq.
27 State Street
Waterbury, CT 06702-1687
attycrone@gmail.com

                                                    /s/ *Brendan Mahoney*
                                                    Brendan Mahoney