**EXHIBIT 1**

# Morgan Lewis

**Charles L. Solomont**
Partner
+1.617.951.8996
carl.solomont@morganlewis.com

March 30, 2017

Daniel S. Blinn
Consumer Law Group
35 Cold Spring Rd.
Suite 512
Rocky Hill, CT 06067

Re:   Criscione v. Atlantic Motors LLC, et al.
      United States District Court, No. 3:16-cv-1649-RNC
      Subpoena to CarGurus, Inc.

Dear Mr. Blinn:

This firm represents CarGurus, Inc. in connection with the February 27, 2017 subpoena issued by you on behalf of your client, Michael A. Criscione, in connection with the referenced action (the "Subpoena"). Thank you for agreeing to extend, to today, CarGurus's time to respond to the Subpoena.

Please be advised that CarGurus has no documents responsive to the Subpoena. The Subpoena seeks "[a]ll records . . . of all advertising . . . for Atlantic Motors LLC for a Ford F-250, [etc.]." CarGurus did not "advertise" the vehicle at issue on cargurus.com or otherwise. Nor does CarGurus possess any "submissions by Atlantic Motors" with respect to the vehicle at issue. Atlantic Motors did not transmit any information to CarGurus about the vehicle. Any listing of the vehicle on cargurus.com was not an advertisement. Rather, any information about the vehicle listed on the website was incident to the service that CarGurus provides to car-buying consumers by which it publishes information about as many vehicles for sale in a given market as possible, regardless of whether they are offered by a paying customer of CarGurus, so that consumers can, among other things, find vehicles available for sale and can compare them to one another to find the best deals.

Notwithstanding that CarGurus did not do any "advertising . . . for Atlantic Motors LLC for" the vehicle at issue, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, CarGurus out of an abundance of caution, also objects to the Subpoena.

1. The Subpoena is overbroad, unduly burdensome, and harassing because it seeks information that is either not relevant to the allegations of the Complaint or is superfluous to information that is already in the possession of the parties. The Complaint alleges a

Morgan, Lewis & Bockius LLP

One Federal Street
Boston, MA 02110-1726          ☎ +1.617.341.7700
United States                  ✉ +1.617.341.7701

DB1/ 91459635.3

Daniel S. Blinn
March 30, 2017
Page 2

      number of causes of action based on a transaction between the plaintiff and the defendant car dealer for purchase of a vehicle. It alleges that prior to the negotiation of this transaction, the plaintiff viewed the listing for the vehicle on the *defendant's* website, *not* on the CarGurus website. Thus, to the extent that the requested information is deemed to be relevant at all in light of the absence of allegations concerning CarGurus and the plaintiff's apparent reliance on the *defendant's* internet listing, the Subpoena unfairly requires CarGurus to incur expense and inconvenience as to discovery that the parties already possess. Rule 26 limits the scope of permissible discovery to the "proportional needs of the case" taking into account "the parties' relative access to relevant information" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Accordingly, the plaintiff may not require non-party CarGurus to produce information that it may discover from the defendant, particularly given the seeming lack of materiality of the information to the allegations in the Complaint.

2. In this same respect, the Subpoena is impermissibly broad to the extent that is seeks "all records." "All records" that may exist in CarGurus's database of millions of listings provide no information relevant to plaintiff's allegations beyond the information that the defendant listed on its own website.

3. The Subpoena is vague and ambiguous to the extent it seeks "advertising" or an "advertisement." The listings on CarGurus's website are not advertisements, but rather rather collections of data that CarGurus publishes so that consumers can see what cars are available for sale in the market and compare the same.

4. The Suboena is vague and ambiguous to the extent it seeks advertising "for Atlantic Motors LLC."

5. The Subpoena is vague and ambiguous to the extent it seeks "all submissions by Atlantic Motors."

6. CarGurus objects to the Subpoena to the extent that it purports to call for the production of documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege, law, rule or immunity.

7. CarGurus objects to the Subpoena as overly broad, unduly burdensome, and harassing to the extent that it seeks the details of CarGurus's business dealings with its vendors, or any documents that contain confidential trade or business data, or otherwise nonpublic, confidential or proprietary information.

CarGurus reserves the right at any time to revise, correct, supplement, or clarify the objections set forth herein, and to seek appropriate compensation for any expenses incurred by CarGurus in connection with the Subpoena.

DB1/ 91459635.3

Daniel S. Blinn
March 30, 2017
Page 3

Sincerely,

*Charles L. Solomont*

Charles L. Solomont

CLS
c: Lori Miner